Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
208-724-2617
chd@fergusondurham.com

Richard Alan Eppink
W/REST COLLECTIVE
812 W. Franklin
Boise, ID 83702
208-371-9752
ritchie@wrest.coop

Attorneys for Defendant Roberts

**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  BROOKS ROBERTS,  Defendant. | Case No. 1:23-mj-108-DKG-2  **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ALL COUNTS** |

1

## INTRODUCTION

The Constitution separates the legislative and executive powers. Congress creates the laws, and the President enforces them. U.S. Const. art. I; art. II. Although Congress can give limited discretion to administrative agencies to implement and enforce the law, it cannot delegate its legislative power in the process.

Here, the Government has charged Brooks Roberts with crimes that have been created and enforced entirely by the Forest Service, an administrative agency that sits within the executive branch. Yet Congress failed to provide an "intelligible principle" by which the Secretary of Agriculture can exercise his or her discretion in these areas. Lacking such a principle, the charges in this case are the product of an unconstitutional delegation of legislative power. They should be dismissed.

## BACKGROUND

BLM and Forest Service officers have repeatedly hounded Brooks, Judy, and Timber Roberts, a homeless family, from place to place on federal public lands. Citing regulations promulgated by their respective agencies, officers have insisted that the Robertses stay no longer than 14 days in one place and do not move anywhere within a 25-mile radius from their previous spot.

On May 19, 2023, the Forest Service coordinated a large-scale sting operation to arrest Brooks, Judy, and Timber on misdemeanor arrest warrants. During that

operation, which went horribly awry, Government agents shot Brooks multiple times, leaving him without feeling below the waist and slowly recuperating.

Mr. Roberts is charged in this case with two Class B misdemeanors: "camping" on federal public land for longer than allowed and "occupying a developed recreation site for other than recreation purposes." Dkt. 1.

These charges are found in the Code of Federal Regulations – created, implemented, and enforced by the agency – rather than the United States Criminal Code.

## LEGAL STANDARDS

"All legislative Powers herein granted shall be vested in a Congress of the United States." U.S. Const. art. I. The Supreme Court has long held that 'that Congress generally cannot delegate its legislative power to another Branch.'" *Mistretta v. United States*, 488 U.S. 361, 371–72 (1989) (cleaned up and citations omitted).

A delegation is permissible, however, "if Congress has made clear to the delegee 'the general policy' he must pursue and the 'boundaries of his authority.'" *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019). Conversely, a statute will be an unconstitutional delegation if it (1) "delegate[s] power to the agency that would be legislative power" and (2) the statute does not provide an "intelligible principle" to guide the agency's discretion *Jarkesy v. SEC*, 34 F.4th 446, 459, 461 (5th Cir. 2022) (holding that the SEC's regulation allowing it to choose whether to proceed through an

3

administrative adjudication or in an article III court violated the non-delegation doctrine).

When Congress seeks to delegate its power to enact criminal rules, even greater specificity in the delegation may be required. *See*, *e.g.*, *Touby v. United States*, 500 U.S. 160, 165-66 (1991). And "the degree of agency discretion that is acceptable" also "varies according to the scope of the power congressionally conferred." *Whitman v. Am. Trucking Ass'n*, 531 U.S. 457, 475 (2001).

## DISCUSSION

The Forest Service is exercising legislative power by enacting these criminal regulations. A rule is legislative when it has "the purpose and effect of altering legal rights, duties, and relations of persons outside of the legislative branch." *Jarkesy*, 34 F.4th at 461 (quoting *INS v. Chadha*, 462 U.S. 919, 952 (1983)). The regulations on which the Government relies here alter what one can and cannot do on Forest Service land. That is the essence of the legislative power. Because Congress is delegating its legislative power to criminalize conduct, even greater specificity in the delegation is required.

Yet that does not exist. The Forest Service derives its authority to enact these criminal regulations in 36 CFR § 261 from 16 U.S.C. § 551. *See United States v. Kent*, 945 F.2d 1441, 1443 (9th Cir. 1991) (construing 36 C.F.R. § 261.10(b) as based on 16 U.S.C. § 551). Chapter Sixteen U.S.C. § 551 gives the Secretary of Agriculture exceptionally broad

4

authority "to make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction." *Id*. There are no true restraints on this power.

The district court in the District of Nevada has recently concluded in an analogous case that BLM lacked criminal lawmaking authority because of the absence of an intelligible principle guiding that agency's discretion. *United States v. Pheasant*, 2023 WL 3095959, at *6 (D. Nev. April 26, 2023) (footnotes omitted). The district court's decision in *Pheasant* is instructive.

There, the defendant had been riding a motorcycle on BLM land when he became involved in a dispute with BLM officers. 2023 WL 3095959, at *2-3. The Government charged him, in relevant part, with resisting the issuance of a citation or arrest (Count II) and failure to use a taillight at night (Count III). 2023 WL 3095959, at *3. He moved to dismiss those counts as unconstitutional under the non-delegation doctrine, and the district court granted his motion. *Id*. at *9. In doing so, the court found that 43 U.S.C. § 1733(a) lacked an intelligible principle to guide BLM's exercise of discretion. *Id*. This was particularly troubling to the district court, as BLM controls approximately 68% of the state of Nevada, and "[a]llowing Executive agencies to create the very crimes they are tasked with enforcing" over that vast area "effectively turns them into 'the expositor, executor, and interpreter of criminal laws.'" *Id*. at *6. That the

5

BLM controlled so much land, according to the court, made it "vital that Congress provides a limiting principle." *Id*. at *8.

That applies here as well. The Forest Service has enacted regulations and rules that run the gamut from how long one can stay on Forest Service land (as here) to parking restrictions to restrictions on pack animals to water skiing. *See, e.g.*, 36 CFR § 261.58(a); § 261.10(b); § 261.16(a). Like the enabling act for the BLM, this statute also lacks an intelligible principle by which the Department of Agriculture exercises its criminal rule-making authority. These regulations are also unconstitutional under the non-delegation doctrine. All counts should be dismissed.

* * *

Mr. Roberts acknowledges that the Supreme Court has not found that a statute unconstitutionally delegated legislative power in the past 80 years. *See Gundy*, 139 S.Ct. at 2129 ("[o]nly twice in this country's history (and that in a single year) ha[s] [the Supreme Court] found a delegation excessive .…") (citing *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935); *Panama Refin. Co. v. Ryan*, 293 U.S. 388 (1935)). Recognizing this, the Ninth Circuit has remarked that winning a non-delegation argument is a "tall order." *See, e.g.*, *United States v. Melgar-Diaz*, 2 F.4th 1263, 1267 (9th Cir. 2021) (holding that Congress appropriately delegated authority to criminalize "entering the United States from Mexico at a time or place other than as designated by immigration officers.").

6

It may be a tall order, but it is warranted when Congress provides no meaningful guidance to cabin an agency's criminal lawmaking power. Recent developments across the federal courts show a revived interest in enforcing the doctrine. The *Pheasant* case, discussed above, is the starkest example, but *Pheasant* drew on movement in the higher courts.[1] In *Jarkesy*, for example, the Fifth Circuit concluded that a statute authorizing the SEC to decide for itself whether to bring an enforcement action in federal court or through administrative adjudication lacked any limiting principle and, as such, was unconstitutional. *Jarkesy*, 34 F.4th at 462. Interest is particularly acute when, as here, Congress passes its criminal lawmaking authority to an agency. *Cf. Esquivel-Quintana v. Lynch*, 810 F.3d 1019, 1027 (6th Cir. 2010) (Sutton, J., concurring in part and dissenting in part) (expressing skepticism that courts should defer to agency interpretations of criminal statutes), *rev'd on other grounds*, 581 U.S. 385 (2017).

At least four justices of the Supreme Court are open to considering more strict policing of delegation. *See, e.g., Gundy*, 139 S. Ct. at 2131 (Alito, J., concurring) ("[i]f a majority of this Court were willing to reconsider the approach we have taken for the past 84 years [of upholding capacious delegations of power], I would support that effort."). At least eight judges on the Fifth Circuit agree. *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023) (en banc) (plurality op.) ("For many jurists, the question of

---

[1] The Government has appealed the district court's order of dismissal in *Pheasant* to the Ninth Circuit. *United States v. Pheasant*, Case No. 23-991 (docketed May 23, 2023).

7

Congress's delegating legislative power to the Executive in the context of criminal statutes raises serious constitutional concerns.").

The time is right for a course correction. The Forest Service has been acting both as a lawmaker and law enforcer, controlling a vast geographical area, without a lawful delegation of criminal lawmaking authority from Congress. The Court should dismiss all counts in the Complaint.

## CONCLUSION

Brooks Roberts respectfully moves the Court to dismiss all counts in the Complaint.

Respectfully submitted on this 1st day of September 2023.

<u>/s/ Craig H. Durham</u>

<u>/s/Ritchie Eppink</u>

Attorneys for Brooks Roberts