JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
CHRISTOPHER A. BOOKER, IDAHO STATE BAR NO. 7672
ASSISTANT UNITED STATES ATTORNEY
ROBERT B. FIRPO, CALIFORNIA STATE BAR NO. 243991
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 1:23-cr-00053-DKG-2 |
| Plaintiff, | 1:23-mj-00108-DKG-2 |
| vs. | **PLEA AGREEMENT UNDER RULE 11(c)(1)(C)** |
| BROOKS DUBOIS ROBERTS, | |
| Defendant. | |

Rev. March 2022

## I.  GUILTY PLEA

A.  **Summary of Terms.** Pursuant to Federal Rules of Criminal Procedure

11(c)(1)(A) and (C)[1], the Defendant, the attorneys for the Defendant, and the Government[2] agree

that the Defendant will plead guilty to count two of the Information in Case No. 1:23-cr-00053-

DKG-2, which charges the Defendant with Improperly Disposing of Garbage on BLM Public

Lands, in violation of 43 C.F.R. § 8365.1-1(b)(1); and will plead guilty to count three of the

Criminal Complaint in Case No. 1:23-mj-000108-DKG-2, which charges the Defendant with

Occupying a Developed Recreation Site for Other than Recreation Purposes, in violation of 36

C.F.R. § 261.16(a).

This plea is voluntary and did not result from force, threats, or promises, other than any

promise made in this agreement.  Upon acceptance of the Defendant's guilty plea, and the

Defendant's full compliance with the other terms of this agreement, the Government will dismiss

under Federal Rule of Criminal Procedure 11(c)(1)(A), as to this Defendant, counts one, three,

four, five and six of the Information in Case No. 1:23-cr-00053-DKG-2, and count two of the

Criminal Complaint in Case No. 1:23-mj-000108-DKG-2. The Defendant will be sentenced to

time served and three years of unsupervised probation[3]. The Government further agrees that it

will not seek an Indictment charging the Defendant with a felony assault in violation of 18 U.S.C.

---

[1] This Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure
11(c)(1)(C), and as such, binds the Court to the sentence outlined in this Plea Agreement once it is
accepted by the Court.

[2] The word "Government" in this agreement refers to the United States Attorney for the
District of Idaho.

[3] The Defendant was arrested on May 19, 2023, and held in custody until his release from
pretrial detention on June 1, 2023. Therefore, the Defendant should receive 14 days of
imprisonment as credit towards his sentence. Pursuant to this agreement, the Defendant will not
serve an additional period of imprisonment.

**Plea Agreement**                                  1                              Rev. March 2022

§ 111(a)-(b) based upon the Defendant pointing a handgun at a federal officer during his arrest on May 19, 2023.

B.    **Oath.**  The Defendant will be placed under oath at the plea hearing.  The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

## II.    WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The Defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant.  If the Court accepts the Defendant's guilty plea, there will be no trial.

## III.    NATURE OF THE CHARGES

A.    **Elements of the Crimes.**

**COUNT TWO (of the Information).**  The elements of the crime of Improperly Disposing of Garbage on BLM Public Lands as charged in count two of the Information, are as follows:

1.    Defendant disposed of garbage,

2.    On BLM lands,

3.    And left such garbage in a place not designated for disposal of garbage.

**COUNT THREE (of the Criminal Complaint).** The elements of the crime of Occupying a Developed Recreation Site for Other than Recreation Purposes as charged in count three of the Criminal Complaint, are as follows:

        1.     The Defendant occupied all or a portion of,

        2.     A developed recreation site on Forest Service lands,

        3.     For other than recreation purposes.

B.    **Factual Basis.**   The Defendant admits the following facts are true:

From approximately June 3, 2022, through October 20, 2022, the Defendant camped on BLM public lands off Kuna-Mora Road and near the Blacks Creek shooting range. On or about October 22, 2022, the Defendant vacated the campsite, leaving behind a trailer, multiple vehicles, and other personal garbage at the site. The garbage was not left in a place designated for the disposal of garbage.

After departing BLM public lands in October 2022, Defendant moved to Forest Service public lands on the Payette National Forest where he and his family set up a new camp in the West Face Trailhead parking lot outside McCall, Idaho. The West Face Trailhead parking lot is a developed recreation site managed by the Forest Service. No one is permitted to live in the West Face Trailhead parking lot.

Defendant remained camped at the West Face Trailhead parking lot from October 2022 to May 19, 2023, even though he knew that the parking lot was a developed recreational site not designated for camping.

## IV.   SENTENCING FACTORS

A.    **Penalties.**

**COUNT TWO (of the Information).** The crime of Improperly Disposing of Garbage on BLM Public Lands as charged in count two, is punishable by:

1.    Up to one-year imprisonment;

2.    Up to a $100,000 fine;

3.    Up to five-years probation;

4.    Not more than one year of supervised release; and

5.    A $25 special assessment.

**COUNT THREE (of the Criminal Complaint).**  The crime of Occupying a Developed Recreation Site for Other than Recreation Purposes as charged in count three of the Criminal Complaint, is punishable by:

1.    Up to six-months imprisonment,

2.    Up to a $5,000 fine;

3.    Up to five-years probation;

4.    Not more than one year of supervised release; and

5.    A $10 special assessment.

B.    **Imprisonment.**  Pursuant to this binding plea agreement, the Court will impose a time-served sentence and will not order an additional term of imprisonment.

C.    **Probation.**  The parties stipulate and agree that the Defendant will be sentenced to unsupervised probation for a term of three years.  The parties stipulate and agree to the following mandatory conditions of probation pursuant to 18 U.S.C. § 3563(a) and U.S.S.G. § 5B1.3(a):  (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but this condition will be suspended by the Court if Defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the Defendant;

(4) Defendant shall pay the special assessment; and (5) Defendant shall notify the court of any material change in the Defendant's economic circumstances that might affect the ability to pay the special assessment.

The parties further stipulate and agree to the following discretionary condition of probation pursuant to 18 U.S.C. § 3563(b)(6) and (13):  That Defendant shall not enter or remain on National Forest System ("NFS") or Bureau of Land Management ("BLM") lands for the purpose of camping or living on those lands. This prohibition includes all National Forests and BLM Public Lands in the United States.  Finally, the parties stipulate and agree that no other discretionary conditions of probation under 18 U.S.C. § 3563(b) or standard, special, or additional conditions of probation listed in U.S.S.G. §§ 5B1.3(c), (d), or (e) shall be imposed.

Defendant understands that any violation of the conditions of probation may result in revocation of probation pursuant to 18 U.S.C. § 3565.

D.    **Fines and Costs.**  The Court will not impose a fine.  The Court may order the Defendant to pay the costs of imprisonment and probation.

E.    **Restitution.**  The Government is not seeking and the Court will not impose restitution in this case.

F.    **Special Assessment.**  The Defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing.  Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724

## V.    SEIZED PROPERTY

The Government will return any seized property to Defendant without cost to Defendant. *CAB*

However, if Defendant does not claim and collect said property within 30 days after the ~~change of plea hearing~~ Sentencing hearing, *CAB* it will be deemed abandoned. Abandoned property will be disposed of, destroyed,

sold, or transferred in the Government's sole discretion. Such disposition shall not constitute satisfaction of any assessment, fine, cost of imprisonment, or any other penalty that this Court may impose.

## VI.    UNITED STATES SENTENCING GUIDELINES

### A.    Sentencing Guidelines Recommendations and Requests.

1.    **Application of Sentencing Guidelines**. Pursuant to this binding plea agreement, the Defendant is pleading guilty to Count Two of the information (a Class A misdemeanor) and Count Three of the Criminal Complaint (a Class B misdemeanor). The sentencing guidelines apply to Count Two of the information because it is a Class A misdemeanor, but they do not apply to Count Three of the Criminal Complaint because it is only a Class B misdemeanor. See USSG § 1B1.9.

2.    **Government's Statements at Sentencing.** The Government reserves the right to allocute fully at sentencing regarding this binding plea agreement. The Government may rely on or submit any information, including relevant conduct, to support this binding plea agreement regardless of whether the agreement or the pre-sentence investigation report contain this information. Any exception must be specified in this agreement.

3.    **Acceptance of Responsibility.** If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level under USSG § 3E1.1(a).

## VII.   WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A.    **Waiver.** In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the plea, conviction, judgment, and sentence. This waiver includes any challenge to the constitutionality of any statute of

conviction including arguments that the admitted conduct does not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction, or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this agreement, the Defendant will object at the time of sentencing; further objections are waived.

B.    **Exceptions.**

1.    **Direct Appeal.** Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

   a.    the sentence imposed by the Court exceeds the statutory maximum;

   b.    the Court arrived at an advisory sentencing guidelines range by applying an upward departure under chapter 5K of the relevant sentencing guidelines manual; or

   c.    the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory sentencing guidelines range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

2.    **Motion Under 28 U.S.C. § 2255.** Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

## VIII.  PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The Defendant agrees to provide financial information and any other information requested by a representative of the United States probation office for use in preparing a pre-

**Plea Agreement**                               7                               Rev. March 2022

sentence investigation report and agrees that the United States probation office may share all financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this agreement and relieves the Government of its obligations from it. Such failure will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## IX. DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has any financial interest. This includes all community property. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government. The Defendant agrees truthfully to complete a personal financial statement within 14 days from the date the Defendant signs this agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within 7 days of the event giving rise to the changed circumstances. The failure to timely and accurately complete, sign, and update the financial statements may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The Defendant authorizes the Government: (a) to obtain a credit report on the Defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets without the consent of both the Government's financial litigation unit and asset forfeiture unit. If any assets are sold,

any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward

any monetary penalties ordered in the judgment.

## X.    NO RIGHT TO WITHDRAW PLEA

The Defendant cannot withdraw from this agreement or the guilty plea, unless the Court

rejects this binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(5), in which case the

Defendant will be permitted to withdraw his plea of guilty.

## XI.    CONSEQUENCES OF VIOLATING AGREEMENT

A.    **Government's Options.** If the Defendant fails to keep any promise in this

agreement or commits a new crime, the Government is relieved of any obligation: 1) to make a

sentencing recommendation consistent with the terms promised in this agreement; and 2) not to

prosecute the Defendant on other charges, including charges not pursued due to this agreement.

Such charges may be brought without prior notice. If the Government determines that a breach

warrants prosecution before sentencing, it may withdraw from this agreement in its entirety. In

addition, if the Government determines after sentence is imposed that the Defendant's breach of

the agreement warrants further prosecution, the Government may choose between letting the

conviction(s) under this agreement stand or vacating such conviction(s) so that charge(s) may be

re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the

Defendant to withdraw the guilty plea(s) made pursuant to this agreement.

B.    **Defendant's Waiver of Rights.** If the Defendant fails to keep any promise made

in this agreement, the Defendant gives up the right not to be placed twice in jeopardy for the

offense(s) to which the Defendant entered a plea of guilty or which were dismissed under this

agreement. In addition, for any charge that is brought as a result of the Defendant's failure to

keep this agreement, the Defendant gives up: (1) any right under the Constitution and laws of the

United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the Defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The Defendant agrees not to contest such a continuance and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XII.   MISCELLANEOUS

A.    **No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the Government in this agreement (i.e., the United States Attorney's Office for the District of Idaho).

B.    **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this agreement no later than 5:00 p.m. on September 22, 2023.

## XIII.   UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:


_____          _____9/22/23_____
CHRISTOPHER A. BOOKER                         Date
Assistant United States Attorney

## XIV.   ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I

understand the agreement and its effect upon my potential sentence. Furthermore, I have

discussed all of my rights with my attorney and I understand those rights. No other promises or

inducements have been made to me, directly or indirectly, by any agent of the Government,

including any Assistant United States Attorney, concerning the plea to be entered in this case. I

understand that this agreement is a formal plea offer from the Government. Any oral discussions

between the Government and me or my counsel about a plea do not constitute a plea offer. Any

written offer or agreement made before this agreement is no longer valid and is rescinded. In

addition, no one has threatened or coerced me to do, or to refrain from doing, anything in

connection with this case, including entering a guilty plea. I understand that, if I am not a citizen

or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that

I will be removed from the United States. I am satisfied with my attorney's advice and

representation in this case.


_____          _____9/22/23_____
Brooks Dubois Roberts                         Date
Defendant

I have read this agreement and have discussed the contents of the agreement with my

client. This document accurately sets forth the entirety of the agreement. I have conveyed all

written offers from the Government to the Defendant pursuant to *Missouri v. Frye*, 566 U.S. 134,

**Plea Agreement**                               11                          Rev. March 2022

144-47 (2012). I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, it is virtually certain that my client will be removed from the United States. [by virtue of pleading guilty in this case] I concur in my client's decision to plead guilty as set forth above.

_____
Craig Durham
Attorney for the Defendant

_____9/22/23_____
Date